U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAR 31 AM 10: 52

CLERK

BY_____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

PEDRO FELIPE ZERPA DURAN,          )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )          Case No. 2:25-cv-614
                                    )
JOSEPH B. EDLOW, in his official    )
capacity as Director of United States )
Citizenship and Immigration Services, )
                                    )
        Defendant.                  )

### ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER
### (Doc. 5)

Plaintiff Pedro Felipe Zerpa Duran instituted this lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq., on July 2, 2025, alleging unreasonable delay by U.S. Citizenship and Immigration Services ("USCIS") in making a *bona fide* determination ("BFD") on his application for U nonimmigrant status ("U visa"). (Doc. 1.) Two of USCIS's five service centers process U visas: the Vermont Service Center and the Nebraska Service Center. U.S. Citizenship & Immigr. Servs., *Service Center Forms Processing*, https://www. uscis.gov/forms/all-forms/service-center-forms-processing, [https://perma.cc/UHY3-GHC7]. Defendant has filed a motion to dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3), noting that Plaintiff's U visa is being proceed by the Nebraska Service Center and, therefore, that his case has no connection to the District of Vermont. (Doc 5.) In the alternative, they seek transfer of the case to either Nebraska, where the U visa is being processed, or Maryland, where USCIS is headquartered. (*Id.*) Plaintiff has not filed a response to the motion, and the time for filing a response has passed.

In civil actions against a U.S. agency or the officer of such an agency, venue is generally proper in three places: the "judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). The District of Vermont satisfies none of these prongs. First, "a federal agency does not reside in a district merely by virtue of having an office in that district." *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463 (S.D.N.Y. 2005) (citing *Schwarz v. IRS*, 998 F. Supp. 201, 202 (N.D.N.Y. 1998). Rather, "[t]he residence of an official defendant is determined on the basis of the official residence of the federal officer or agency." Rather, "venue with respect to a federal officer or employee is proper in the place of his or her official residence, where his or her official duties are performed." *Id.* at 464 (citing *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 266 n.3 (7th Cir. 1978)). Defendant Edlow does not perform his official duties in Vermont.

No part of the events or omissions giving rise to this claim occurred in Vermont. Petitioner's U visa application is being processed at the USCIS Service Center in Lincoln, Nebraska. (Doc. 5-1 ¶ 4.) And Petitioner resides in Richmond, Texas. (Doc. 1 ¶ 1.) Venue is not proper in Vermont.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). "When determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into

2

account the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits.'" *United States ex rel. Donohue v. Carranza*, 585 F. Supp. 3d 383, 388 (S.D.N.Y. 2022) (quoting *Meserole St. Recycling, Inc. v. CSX Transp., Inc.*, No. 06-CV-4652, 2007 WL 2891424, at *4 (E.D.N.Y. Sept. 28, 2007) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962))). Courts may consider a variety of other issues as well, including "(1) whether the claim would be meritless 'in the court that has jurisdiction' . . . and (2) the Plaintiffs' diligence in choosing a proper forum." *Raymond Loubier Irrevocable Trust v. Loubier*, 765 F. App'x 560, 561 (2d Cir. 2019) (quoting *Daniel*, 428 F.3d at 436; then citing *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)).

In arguing for dismissal rather than transfer, Defendant emphasizes that Plaintiff originally filed an identical lawsuit in the District of Nebraska before voluntarily dismissing that case and re-filing in Vermont. *See Zerpa Duran v. Director of U.S. Citizenship and Immigration Services*, No 8:25-cv-276 (D. Neb. April 11, 2025). In Defendant's view, this sequence of events "suggests improper forum-shopping" by Plaintiff. (Doc. 5 at 5–6.)

Plaintiff is a citizen and national of Venezuela who is proceeding pro se in this matter. The court is aware, based on its frequent adjudication of similar cases, that pro se litigants bringing U-visa-undue-delay claims typically purchase pre-prepared filings to advance their claims. It is likely that Plaintiff's withdrawal of the Nebraska complaint and his decision to re-file in Vermont was the result of confusion, not intentional forum shopping. Given the difficulty Plaintiff would likely experience in attempting to re-file in Nebraska and the general preference for resolving cases on their merits, transfer is in the interest of justice in this case.

## Conclusion

The court GRANTS in part and DENIES in part Defendant's Motion to Dismiss or Transfer. (Doc. 5.) The court ORDERS that this action be TRANSFERRED to the United States District Court for the District of Nebraska, where venue is proper in this case.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2026

Geoffrey W. Crawford, Judge
United States District Court